# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL BRAUD**                                                  **CIVIL ACTION**

**VERSUS**                                                      **NO. 15-112-JWD-RLB**

**GEO HEAT
EXCHANGERS, L.L.C**

---

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 7) Defendant's complete response to Request for Production No. 11, which seeks the personnel files of the following individuals: Plaintiff, Calvin Nevels, Charles Vaccaro, Mike Tracy, Kevin Hill, John Vessel, Brandon Belvin, Marvin Plant, Luther Graham, Kevin Lemoine, and Jeremy Braud. (R. Doc. 7-2 at 6).  Defendant filed an Opposition in response to the Motion. (R. Doc. 10).  Neither party appears to dispute the fact that Defendant has produced Plaintiff's entire personnel file and the Motion, instead, focuses on the 10 remaining individuals.

After reviewing the parties' Memoranda, the Court notes certain inconsistencies and orders Plaintiff to file a **Reply Memorandum** on or before **March 15, 2016** addressing and **clarifying** the following topics.

### A.      Limitation of Request for Production No. 11

First, Defendant indicates that the "Plaintiff's counsel agreed that GEO's employee personnel files held confidential, financial, medical and other sensitive information" and "agreed to limit" the requests to records of: (1) performance; (2) discipline; and (3) complaints. (R. Doc. 10 at 3).  Plaintiff does not address this agreement in his Motion.  Therefore,

Plaintiff's Reply Memorandum should clarify any agreement between the parties to limit the scope of Request for Production No. 11.  This includes general limitations, like the one described by Defendant, and any more specific limitations regarding the personnel files of certain individuals.

**B.    Outstanding Personnel Files**

Defendant explains that "[w]ith respect to the personnel files of Calvin Nevels, Chuck Vaccaro, Kevin Lemoine and John Vessel, GEO has already produced the documents requested" and with respect to "Kevin Hill and Mike Tracy, their personnel files contain no [requested] documents . . . and thus Plaintiff's request regarding these individuals has been fulfilled." (R. Doc. 10 at 1).  In other words, Defendant represents that the responsive documents concerning 6 out of the 10 employees identified in Request for Production No. 11 have been produced and are no longer at issue.

**i.    Charles Vaccaro, Kevin Hill and Mike Tracy**

First, concerning the personnel files of Charles Vaccaro, Kevin Hill, and Mike Tracy, Plaintiff represents that "Defendant has produced what it has stated constitutes performance evaluations, disciplinary actions, or records of employee complaints. Assuming there are no additional responsive documents, then this request has been satisfied." (R. Doc. 7-1 at 6). Nonetheless, because Plaintiff does not explain any agreement limiting Request for Production No. 11, it is unclear whether Plaintiff seeks an order compelling the remaining documents found in the personnel files of Charles Vaccaro, Kevin Hill and Mike Tracy.

Plaintiff's Reply Memorandum should clarify whether Request for Production No. 11 has been satisfied as to Vaccaro, Hill and Tracy.

###### ii.     Kevin Lemoine

Plaintiff claims that Defendant "has identified" Kevin Lemoine as 1 of 4 subordinates who filed complaints against him and, therefore, his "employment file[] should be produced." (R. Doc. 7-1 at 7).  This is obviously inconsistent with Defendant's claim that it has "already produced the documents requested by Plaintiff" that concern Kevin Lemoine. (R. Doc. 10 at 1).

Plaintiff's Reply Memorandum should address what documents, if any, have been produced with respect to Kevin Lemoine and whether this production is sufficient.

###### iii.     Calvin Nevels

With respect to Calvin Nevels, Defendant similarly claims that all of the documents requested by Plaintiff have been produced. (R. Doc. 10 at 1).  Plaintiff does not mention this and instead indicates that he is still seeking his "entire personnel file, except for [sic] peronnaly [sic] ideitfying information . . . ." (R. Doc. 7-1 at 7).

Plaintiff's Reply Memorandum should address what documents, if any, have been produced with respect to Calvin Nevels and whether this production is sufficient.

###### iv.     John Vessel

While Defendant claims to have produced all of the requested documents relating to John Vessel, Plaintiff does not adequately discuss Mr. Vessel in his Motion.

Plaintiff's Reply Memorandum should address what documents, if any, have been produced with respect to John Vessel and whether this production is sufficient.

Signed in Baton Rouge, Louisiana, on March 11, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**